IN THE UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| SYLVIA VASQUEZ, §<br>　　　　*Plaintiff*, §<br>　　　　　　　　　　§<br>v. §<br>　　　　　　　　　　§<br>BANK OF AMERICA, N.A. c/o §<br>PENNYMAC LOAN SERVICES, LLC, §<br>W.D. LAREW, ARNOLD MENDOZA, §<br>SANDRA MENDOZA, CONNIE §<br>MEDLEY, JOYCE TREVINO, MONTY §<br>MEDLEY, EVAN PESS, AMY §<br>BOWMAN, REID RUPLE, CAROL §<br>EVANGELISTI, MARCIA CHAPA, §<br>MARTHA BOETA, FREDERICK §<br>BRITTON, KRISTOPHER HOLUB, OR §<br>JACK BUNRS, II, SUBSTITUTE §<br>TRUSTEE c/o BARRETT DAFFIN §<br>FRAPPER TURNER & ENGLE, LLP, §<br>　　　　*Defendants*. § | CIVIL ACTION NO. 1:17-cv-42 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, 1441, and 1446, PennyMac Loan Services, LLC ("PennyMac") removes this action from the 197th District Court of Willacy County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division, as follows:

### I.　　STATE COURT ACTION

On February 3, 2017, Sylvia Vasquez ("Plaintiff") filed *Plaintiff's Original Petition and Request for Temporary Restraining Order and Temporary Injunction* ("Complaint") in the 197th District Court of Willacy County, Texas, styled: *Sylvia Vasquez v. Bank of America, N.A. c/o Pennymac Loan Services, LLC, et al.*, Cause No. 2017-CV-0079-A (the "State Court Action").

Plaintiff alleges that she is the owner of the property located at 451 E. Van Eaton Avenue, Raymondville, Texas (the "Property") and that "Defendants have not made a due diligent effort to allow Plaintiff to bring the account current within Plaintiff's financial needs, in

spite of their [sic] bonafide [sic] efforts and offers to pay." (Compl. at 1.) Plaintiff further alleges that Defendants "refuse to negotiate and refuse to accept any payments on the account." (*Id.*)

In connection with their allegations, Plaintiff asserts claims for: (1) breach of contract; and (2) violations of the Texas Property Code. (*See id.* at § VI.)

## II.   PROCEDURAL REQUIREMENTS

This action is properly removed to this Court, as the lawsuit is pending within the district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(a)(1).

PennyMac is unaware of being properly served with the Complaint. This notice of removal is clearly timely, however, because it is being filed less than 30 days after the Complaint was filed. *See* 28 U.S.C. §§ 1446(b)(1); 1446(b)(2)(B). Moreover, there is no indication that the other named defendant, Bank of America, N.A., has been served. Thus, its consent to removal is not required. *See* 28 U.S.C. § 1446(b)(2)(A).

Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule 81, this Notice of Removal is accompanied by copies of the following materials:

| | |
|---|---|
| **Exhibit A** | Index of Matters Being Filed |
| **Exhibit B** | Civil Cover Sheet |
| **Exhibit C** | List of all Counsel of Record |
| **Exhibit D** | State Court File |
| | **D-1:**  Plaintiff's Original Petition |
| | **D-2:**  Temporary Restraining Order |
| | **D-3:**  Affidavit of Inability to Afford Court Costs |
| | **D-4:**  Order on Pauper's Oath Affidavit |
| | **D-5:**  Notice of Appearance of Counsel (with approval) |

**D-6:** Issued Citation and Returns

Simultaneously with the filing of this Notice of Removal, PennyMac is filing a copy of the Notice of Removal in the 197th District Court of Willacy County, Texas pursuant to 28 U.S.C. § 1446(d).

### III. DIVERSITY JURISDICTION

This Court has diversity jurisdiction over this action, and removal is appropriate on the basis of diversity jurisdiction. Where there is complete diversity among parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as PennyMac or Bank of America, N.A. ("BANA"). As shown below, the amount-in-controversy requirement is also satisfied.

**A. DIVERSITY OF CITIZENSHIP**

Plaintiff alleges she resides in Willacy County, Texas. (Compl. at 2.) For purposes of diversity jurisdiction, "[a] natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). Thus, Plaintiff is a citizens of Texas for purposes of diversity jurisdiction.

PennyMac is a citizen of Delaware, California, New York, and Massachusetts, and not a citizen of Texas. For diversity purposes, the citizenship of a limited liability company ("LLC") is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, an LLC is a citizen of every state in which its members are citizens. *Id.* PennyMac Loan Services, LLC is a wholly owned subsidiary of its sole member

Private National Mortgage Acceptance Company, LLC ("PNMAC"). PNMAC, also an LLC, is owned by PennyMac Financial Services, Inc. ("PFSI") and other private investors and management. As a corporation, PFSI is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). PFSI is a citizen of Delaware, California, New York, and Massachusetts because it is incorporated in Delaware and maintains its principal place of business in California and because its private investors and management reside in California, New York, and Massachusetts. Because PFSI is PNMAC's sole member, PNMAC is also a citizen of Delaware, California, New York, and Massachusetts for diversity purposes. *See Harvey*, 542 F.3d at 1080. No other members of PNMAC are citizens of Texas. Accordingly, PennyMac is not a citizen of Texas because the members of its sole owner, PNMAC, are not citizens of Texas.

BANA is a citizen of North Carolina. As a national banking association, BANA's citizenship is determined solely by the location of its main office, as designated in its articles of association. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). BANA's main office, as designated in its articles of association, is located in North Carolina. Accordingly, BANA is a citizen of North Carolina for diversity purposes. *See Hill v. Bank of Am. Corp.*, No. 06-cv-804GE, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006) ("Bank of America, N.A. . . . is a national banking association located in the State of North Carolina, as designated in its articles of association.").

Based on the Complaint, Plaintiff appears to assert her claims only against PennyMac and BANA: Plaintiff is "complaining of BANK OF AMERICA, N.A. and PENNSYMAC [sic] LOAN SERVICES, LLC their assigns, agents, and representatives." (Compl. at 1.) Thus,

PennyMac and BANA are the only entitles (along with Plaintiff) whose citizenship is relevant to diversity jurisdiction.

Nevertheless, PennyMac notes that although all of the individuals listed in the style of the case and Barrett Daffin Frappier Turner & Engel, LLP (the "Potential Defendants"), are believed to be citizens of Texas, their citizenship should be disregarded for purposes of determining diversity jurisdiction because, to the extent Plaintiff intended to join them, the Potential Defendants were improperly joined as defendants to this lawsuit.  *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006).  A removing party may establish improper joinder by showing that the plaintiff is unable to establish a cause of action against the non-diverse defendant under state law.  *Id.* (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).  In applying this test, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant."  *Id.*  A "mere theoretical possibility" of recovery under state law does not suffice to preclude removal.  *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).

Removal is proper if there is "diversity of citizenship among the parties in interest properly joined.  'Parties in interest' do not include formal or unnecessary parties, thus a plaintiff's joinder of such parties . . . cannot prevent the removal of an action to federal court." *Pesch v. First City Bank of Dallas*, 637 F. Supp. 1530, 1536-37 (N.D. Tex. 1986) (citing *Nunn v. Feltinton*, 294 F.2d 450, 453 (5th Cir. 1961) (internal citations and quotation marks omitted)). "Whether a party is 'nominal' [*i.e.*, unnecessary] for removal purposes depends on 'whether, in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff.'"  *Acosta*

*v. Master Maint. & Constr., Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)).

Plaintiff has not alleged any specific facts that would give rise to a viable claim against the Potential Defendants under Texas law. Indeed, the Potential Defendants do not appear anywhere in the Complaint other than in the case style and, in the case of Barrett Daffin Frappier Turner & Engel, LLP, as the attorney of record for PennyMac and BANA.[1] (*See* Compl. at 1.)

Plaintiff also makes vague allegations that "Defendants" took various actions throughout the Complaint. (Compl. at 2 ("Defendants have not made a due diligent effort to allow Plaintiff to bring the account current with Plaintiff's financial needs, in spite their [sic] bonafide [sic] efforts and offers to pay."); *id.* 2-3 ("Plaintiff has made payments on the arrearages and work [sic] a payment plan with Defendants' [sic] to bring the account current . . . ; however, Defendants refuse to negotiate . . . .").) These allegations could only relate to PennyMac or BANA in their capacities as lenders and/or servicers of Plaintiff's loan, not to the Potential Defendants. The allegations therefore cannot state a claim against the Potential Defendants as a matter of law.

Complete diversity exists in this matter because Plaintiff is a citizen of Texas, and PennyMac and BANA, the only named and properly joined defendants, are not citizens of this state. *See* 28 U.S.C. § 1332(a).

**B.   AMOUNT IN CONTROVERSY**

The amount-in-controversy requirement is also satisfied. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th

---

[1] PennyMac notes that Barrett Daffin Frappier Turner & Engel, LLP is not its attorney of record in this matter. Nor is it authorized to accept service on behalf of PennyMac.

Cir. 2003) (affirming district court's conclusion that it was "more probable than not" that damages were over $75,000 where the total amount of relief was not stated in the petition); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("[t]he test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum].").  The defendant can meet its burden if it is "facially apparent" from the petition that the claims probably exceed $75,000, or if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253 n.13.

In this case, the face of the Petition demonstrates that Plaintiff's claims exceed $75,000. Plaintiff alleges she seeks "monetary damages of over $100,000.00 but not more than $200,000.00 and also non-monetary relief. (Compl. at 1.)  Taken together, Plaintiff's claim for at least $100,000 in damages and unspecified non-monetary relief, make it facially apparent that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. *See Manguno*, 276 F.3d at 723.  Moreover, there is complete diversity between the parties in this lawsuit.  Thus, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), and this Notice of Removal is proper and timely filed.  28 U.S.C. § 1441.

## IV.     CONCLUSION

WHEREFORE, PennyMac removes this action from the 197th District of Willacy County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

*/s/ Matthew H. Davis*
Thomas G. Yoxall (tyoxall@lockelord.com)
Attorney-in -Charge
Texas Bar No. 00785304
S.D. of Texas No. 16664
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

Of Counsel:

Matthew H. Davis (mdavis@lockelord.com)
State Bar No. 24069580
S.D. of Texas No. 1124612
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served on this the 21st day of February 2017, on the following counsel of record via the method stated below:

**VIA CERTIFIED MAIL,**
**RETURN RECEIPT**
**REQUESTED NO. 9214 7969 0099 9790 1613 2051 89**
Juan Angel Guerra
Law Office of Juan Angel Guerra
1021 Fair Park Blvd.
Harlingen, Texas 78550
*Attorneys for Plaintiff*

                                              */s/ Matthew H. Davis*
                                              Counsel for Defendant