United States District Court
Southern District of Texas
**ENTERED**
April 05, 2017
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **SYLVIA VASQUEZ,** | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. B-17-42 |
| | § | |
| **BANK OF AMERICA, N.A. &** | § | |
| **PENNYMAC LOAN SERVICES,** | § | |
| Defendants | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On February 21, 2017, this case was removed to this Court from the 197th District Court in Willacy County, Texas. Dkt. No. 1. In that complaint, Plaintiff Sylvia Vasquez ("Vasquez") sued Defendants Bank of America, N.A. ("Bank of America") and PennyMac Loan Services, LLC ("PennyMac"). Vasquez also sued, but failed to serve process on Defendants "W.D. Larew, Arnold Mendoza, Sandra Mendoza, Connie Medley, Joyce Trevino, Monty Medley, Evan Pess, Amy Bowman, Reid Ruple, Carol Evangelisti, Marcia Chapa, Martha Boeta, Frederick Britton, Kristopher Holub, or Jack Bunrs II, substitute trustee, c/o Barrett Daffin Frapper Turner & Engel, LLP" ("unserved defendants"). Dkt. No. 1-4. In the removal petition, PennyMac alleged that the requirements for diversity jurisdiction were met in this case. Dkt. No. 1.

On March 1, 2017, Vasquez filed a motion to remand the case to state court, asserting that the amount in controversy has not been satisfied and that all of the parties are not diverse. Dkt. No. 10. On March 22, 2017, Penny Mac filed a response. Dkt. No. 13. Vasquez did not file a reply brief. Thus, the motion to remand has been fully briefed and is before the Court.

After reviewing the record and the relevant case law, the Court recommends that the motion to be remand be denied. The amount in controversy has been met and the parties are diverse.

1

**I. Background**[1]

On February 3, 2017, Vasquez filed suit in the 197th District Court in Willacy County, Texas. Dkt. No. 1-4, p. 4. In that complaint, Vasquez alleges that she owned a home in Willacy County and "regularly paid the monthly [mortgage] payments." Dkt. No. 1-4, p. 5. Vasquez states that "due to unexpected circumstances," she fell behind on her payments. Id. The complaint alleges that Penny Mac and Bank of America "have not made a due diligent effort to allow [Vasquez] to bring the account current within [Vasquez's] financial needs." Id.

Vasquez sought damages "of over $100,000.00 but not more than $200,000.00" as well as injunctive relief to prevent PennyMac and Bank of America from foreclosing on the property. Dkt. No. 1-4, pp. 4-5.

As to the unserved defendants, they were listed in the case caption of the complaint, but no claims were alleged against them. Furthermore, there is no record of any of them being served.

On February 21, 2017, PennyMac timely removed the case to this Court. Dkt. No. 1. In the notice of removal, PennyMac alleged that the unserved defendants were improperly joined as defendants because Vasquez has not alleged viable causes of action against any of them. Dkt. No. 1. PennyMac asserts that without the unserved defendants' presence in the case, there is complete diversity of citizenship. Vasquez is a citizen of Texas and PennyMac is a citizen of Delaware, California, New York, and Massachusetts. Id. Furthermore, PennyMac alleged that the amount in controversy exceeded $75,000, based upon the pleadings expressly set forth in the complaint.

On February 22, 2017, Bank of America consented to the removal. Dkt. No. 4-1. Bank of America is a citizen of North Carolina. Id.

---

[1] Unless otherwise noted, the factual background is taken from Vasquez's complaint. In deciding a motion to remand, "the district court ordinarily should assume that all facts alleged in a plaintiff's state court petition are true." Ford v. Elsbury, 32 F.3d 931, 938 (5th Cir. 1994).

On March 1, 2017, Vasquez timely filed a motion to remand the case to state court. Dkt. No. 10. Vasquez argues that the presence of the unserved defendants defeats diversity jurisdiction in this case. Id, pp. 1-2. Vasquez further argues that the amount in controversy is less than $75,000, because the amount of the original note was $40,388. Id.

On March 27, 2017, PennyMac filed a response to the motion to remand, asserting that Vasquez did not state a claim against the unserved defendants. Furthermore, PennyMac argues that the amount in controversy is determined by the face of the complaint, which asked for damages in excess of $100,000. Id., p. 7.

As of today's date, no reply brief has been filed.

**II. Applicable Law**

### A. Diversity Jurisdiction

United States District Courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The record is clear that Vasquez is a citizen of Texas; that PennyMac is a citizen of Delaware, California, New York, and Massachusetts; and, that Bank of America is a citizen of North Carolina. The dispute centers upon whether the unserved defendants – assuming that at least one of them is a citizen of Texas – impact the jurisdictional analysis and whether the amount in controversy has been satisfied.

### B. Removal

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable" to federal court. 28 U.S.C. § 1441(a)-(b). The party seeking removal bears the burden of showing that jurisdiction exists and that removal is proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Jurisdiction is determined by examining the claims in the state court petition at the time of removal. Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.

### C. Improper Joinder

Under the improper joinder doctrine, a party may not defeat federal jurisdiction with the presence of an improperly-joined non-diverse defendant. Salazar v. Allstate Texas Lloyd's, Inc., 455 F.3d 571, 574 (5th Cir. 2006). There are two ways to establish that a defendant has been improperly joined: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Cuevas v. BAC Home Loans Servicing, LP, 648 F.3d 242 (5th Cir. 2011) (quoting Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 572 (5th Cir. 2004)). No fraud in pleading the facts has been alleged in this case, and none is otherwise evident. Accordingly, the first test is inapplicable here.

As to the second test, the question is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Cuevas, 2011 WL 3112324 at *5 (quoting Smallwood, 385 F.3d at 573). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." Smallwood, 385 F.3d at 573. All "contested issues of fact and any ambiguities of state law must be resolved" in favor of the party opposing removal. Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003). Nevertheless, "a 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." Smallwood, 385 F.3d at 573 n. 9 (quoting Badon v. RJR Nabisco, Inc., 236 F.3d 282, 286 n. 4 (5th Cir. 2000)).

"[T]he court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff truly has a reasonable possibility of recovery in state court." Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc., 390 F.3d 400, 405 (5th Cir. 2004). The summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Smallwood, 385 F.3d. at 573-74 (emphasis added); see also Sid Richardson

Carbon & Gasoline Co. v. Interenergy Resources, Ltd., 99 F.3d 746, 751 (5th Cir. 1996) (endorsing the use of a "summary judgment-like procedure" to "pierce the pleadings" in order to make a summary determination).

### D. Amount in Controversy

Defendant bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882-83 (5th Cir. 2000). If it is "facially apparent" that the complaint at the time of removal seeks more than $75,000, then this standard is met. See Menendez v. Wal-Mart Stores, Inc., 364 F. App'x 62, 67 (5th Cir. 2010) (collecting cases).

## III. Analysis

The Court must resolve two separate issues in this case: (1) were the unserved parties improperly joined; and, (2) whether the amount in controversy has been satisfied. The Court will address each of these inquiries in turn.

### A. Improper Joinder

PennyMac alleges that the unserved defendants have been improperly joined and should not be considered when determining diversity jurisdiction. After reviewing the complaint, the Court agrees; PennyMac has met its burden.

As previously noted, the Court performs a Rule 12(b)(6)-style analysis to determine whether a party has been improperly joined. Smallwood, 385 F.3d at 572. Thus, if the plaintiff fails to state a claim upon which relief can be granted against a defendant, then that defendant is improperly joined. Id.

As to the unserved defendants, the complaint alleges no wrongdoing by any of them. In fact, despite being listed in the case caption, the unserved defendants are not discussed anywhere in the body of the complaint. Dkt. No. 1-4, pp. 4-8. Indeed, no claims are made against any of the unserved defendants. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). There

are no facts alleged against any of the unserved defendants that would tend to show any misconduct on their part. For that reason, each of these defendants are improperly joined.

Accordingly, the Court should dismiss "W.D. Larew, Arnold Mendoza, Sandra Mendoza, Connie Medley, Joyce Trevino, Monty Medley, Evan Pess, Amy Bowman, Reid Ruple, Carol Evangelisti, Marcia Chapa, Martha Boeta, Frederick Britton, Kristopher Holub, and Jack Bunrs II, substitute trustee, c/o Barrett Daffin Frapper Turner & Engel, LLP"[2] as defendants in this case, because each was improperly joined. Michels v. Safeco Ins. Co. of Indiana, 544 F. App'x 535, 539 (5th Cir. 2013) (unpubl.) (improperly joined defendants should be dismissed from the case) abrogated on other grounds in Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 201 (5th Cir. 2016).[3]

### B. Amount in Controversy

PennyMac alleges that the amount in controversy requirement has been met, based upon the face of the complaint. PennyMac has met its burden to show that the amount in controversy exceeds $75,000.

As previously noted, the Court looks at the face of the complaint at the time of removal to determine the amount in controversy. Robinson, 561 F. App'x at 418. Vasquez's state court complaint stated that she sought "monetary damages of over $100,000.00 but not more than $200,000.00." Dkt. No. 1-4, p. 4. Thus, the complaint clearly sought damages of more than $75,000, and the amount in controversy has been met.

To the extent that Vasquez seeks to amend her complaint to only seek the original

---

[2] The Court lists these defendants exactly as they are listed in the case caption in state court. Any misspellings are original to the caption.

[3] The Court notes that the fact that those defendants have not been served does not bear on the diversity analysis. "It is well-established that the existence of diversity is determined based on the citizenship of the named parties and not the fact of service." Reynolds v. Pers. Rep. of the Estate of Johnson, 139 F. Supp. 3d 838, 842 (W.D. Tex. 2015) (citing N.Y. Life Ins. Co. v. Deshotel, 142 F.3d 873, 883 (5th Cir.1998)). In contrast, unserved defendants need not consent to the removal. Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 (5th Cir. 1988). Similarly, defendants who have been improperly joined do not need to consent to removal. Rico v. Flores, 481 F.3d 234, 239 (5th Cir. 2007).

amount of the note – $40,388 – that amendment does not alter the jurisdictional analysis. "If at the time of removal it is facially apparent from the state-court petition that the amount in controversy exceeds $75,000, a plaintiff's subsequent request to amend her petition to 'clarify' the amount in controversy cannot divest jurisdiction." Robinson, 561 F. App'x at 417-18.

PennyMac has met its burden of proving that the amount in controversy exceeds $75,000.

**IV. Recommendation**

It is recommended that the motion for remand filed by Sylvia Vasquez, Dkt. No. 10, be denied.

It is further recommended that Defendants "W.D. Larew, Arnold Mendoza, Sandra Mendoza, Connie Medley, Joyce Trevino, Monty Medley, Evan Pess, Amy Bowman, Reid Ruple, Carol Evangelisti, Marcia Chapa, Martha Boeta, Frederick Britton, Kristopher Holub, or Jack Bunrs II, substitute trustee, c/o Barrett Daffin Frapper Turner & Engel, LLP," be dismissed from this case with prejudice for failure to state a claim upon which relief can be granted.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of

plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

    DONE at Brownsville, Texas, on April 5, 2017.

                                            _____
                                            Ronald G. Morgan
                                            United States Magistrate Judge