United States District Court
Southern District of Texas
**ENTERED**
December 15, 2017
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SYLVIA VASQUEZ, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. B-17-42 |
| | § | |
| BANK OF AMERICA, N.A. & | § | |
| PENNYMAC LOAN SERVICES, | § | |
| Defendants | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On February 21, 2017, this case was removed to this Court from the 197th District Court in Willacy County, Texas. Dkt. No. 1. In her complaint, Plaintiff Sylvia Vasquez ("Vasquez") sued Defendants Bank of America, N.A. ("Bank of America") and PennyMac Loan Services, LLC ("PennyMac") over foreclosure proceedings brought against her.

On April 4, 2017, Defendant PennyMac filed a motion for summary judgment. Dkt. No. 14.[1]

After the filing of the motion for summary judgment, Vasquez's counsel passed away. Dkt. No. 27. Vasquez was given continuances to obtain counsel. Dkt. No. 28, 32. On November 30, 2017, Vasquez – via retained counsel – filed a response to the summary judgment motion. Dkt. No. 44. In her response, Vasquez seeks leave to amend her complaint to reduce the amount in controversy and have the case remanded to state court. Id. Alternatively, Vasquez argues that there is a genuine dispute of material fact as to whether she actually received the notice of default, notice of acceleration, or notice of impending foreclosure. Id.

---

[1] On October 31, 2017, the Court notified the parties that it was "considering granting summary judgment as to all claims made against Bank of America, for reasons similar to those offered in PennyMac's motion for summary judgment," pursuant to FED. R. CIV. P. 56(f). Dkt. No. 37.

1

On December 11, 2017, PennyMac and Bank of America filed replies in support of summary judgment. Dkt. Nos. 45, 46.

After reviewing the record and the relevant case law, the Court recommends that the motion for leave to amend be denied on the basis that the proposed amendment is futile; it is also recommended that the motion to remand be denied.  It is further recommended that summary judgment be granted in favor of PennyMac and Bank of America, because there is no genuine issue of material fact as to any of Vasquez's claims.

## I. Background

On July 10, 2000, Vasquez executed a mortgage promissary note in the amount of $40,388.00. Dkt. No. 14-1, p. 7.  The note stated that "[i]f Borrower defaults by failing to pay in full any monthly payment, then Lender may [. . .] require immediate payment in full of the principal balance remaining due and all accrued interest." Id., p. 8.

Vasquez has admitted that "due to unexpected circumstances," she fell behind on her monthly mortgage payments. Dkt. No. 1-4, p. 5.  Johnny Morton, a "foreclosure operations supervisor" for PennyMac, said in a sworn affidavit that Vasquez "failed to make the payment due for September 1, 2015, and all subsequent payments." Dkt. No. 14-1, p. 3.

On September 22, 2016, PennyMac sent Vasquez a letter, via certified mail, which reminded her that her loan was in default and she could cure that default by paying $6,860.93 no later than October 27, 2016. Dkt. No. 14-1, p. 25.

On February 3, 2017, Vasquez filed suit in the 197th District Court in Willacy County, Texas. Dkt. No. 1-4, p. 4.  In that complaint, Vasquez alleges Penny Mac and Bank of America "have not made a due diligent effort to allow [Vasquez] to bring the account current within [Vasquez's] financial needs." Id.  Vasquez raised claims that PennyMac and Bank of America unlawfully refused to enter into a loan modification agreement with her; breached the mortgage contract; committed wrongful foreclosure; and, violated the Texas Property Code. Id.

2

Vasquez sought damages "of over $100,000.00 but not more than $200,000.00," as well as injunctive relief to prevent PennyMac and Bank of America from foreclosing on the property. Dkt. No. 1-4, pp. 4-5.

On February 21, 2017, PennyMac removed the case to this Court. Dkt. No. 1.

On March 1, 2017, Vasquez filed a motion to remand the case, arguing – as relevant here – that the amount in controversy did not exceed $75,000. Dkt. No. 10.

On April 4, 2017, PennyMac filed a motion for summary judgment. Dkt. No. 14. PennyMac argued that Vasquez's claims "fail as a matter of law." Id.  As to the refusal to enter into a loan modification agreement, PennyMac argues that Vasquez has no legal or contractual right to such a modification. Id.  As to the breach of contract claim, PennyMac argues that Vasquez breached the contract first by failing to timely make her mortgage payments and that PennyMac's actions are consistent with the loan agreement and Texas law. Regarding the wrongful foreclosure claim, PennyMac asserts that this claim fails as a matter of law, because no foreclosure sale has occurred in this case.  As for any claims related to the Texas Property Code, PennyMac asserts that "there is no private right of action for violations of the Texas Property Code" and that "[a]ny such claim is subsumed in Plaintiff's wrongful foreclosure claim." Id.

On April 5, 2017, the undersigned issued a report and recommendation, which recommended that the motion to remand be denied, finding that the amount in controversy exceeded $75,000 at the time of removal. Dkt. No. 15.  The District Judge adopted the report and recommendation in full. Dkt. No. 21.

On April 28, 2017, Vasquez filed a motion for an extension of time to file a response to the summary judgment motion. Dkt. No. 20.  On May 2, 2017, the Court granted the motion, giving Vasquez until May 9, 2017, to file a response. Dkt. No. 22.

On May 15, 2017, the Court entered an order, noting that Vasquez had not filed a response to the summary judgment motion; Vasquez was ordered to file a response no later than May 19, 2017. Dkt. No. 26.

On May 19, 2017, Vasquez filed a "suggestion of death and request to revise schedule," noting that her counsel, Bland Puente, passed away on May 6, 2017. Dkt. No. 27. The Court granted the motion to revise the schedule, abating the proceedings until July 14, 2017, to permit Vasquez to retain counsel.

On August 11, 2017, the Court entered an order, noting that "no attorney has appeared for Vasquez and no opposition to the summary judgment has been filed." Dkt. No. 32.  The Court further stated that "[t]his case cannot be abated indefinitely." Id.  The Court ordered Vasquez to " file a response to the motion for summary judgment - either pro se or via counsel - no later than September 11, 2017.

On October 31, 2017, the Court notified the parties that it was "considering granting summary judgment as to all claims made against Bank of America, for reasons similar to those offered in PennyMac's motion for summary judgment," pursuant to FED. R. CIV. P. 56(f). Dkt. No. 37.  The Court gave Vasquez until November 20, 2017, to file a response as to why summary judgment should not be granted. Id.

On that same day, Vasquez – via retained counsel – filed a motion for an extension of time to file her response to the motion for summary judgment. Dkt. No. 40.  On November 1, 2017, the Court granted the motion and allowed her until November 30, 2017, to file a response to the motion for summary judgment. Dkt. No. 41.

On November 30, 2017, Vasquez filed her response to the motion for summary judgment. Dkt. No. 44.  In her response, Vasquez seeks leave to amend her complaint to reduce the amount in controversy by agreeing "specifically to be bound not to claim more than $75,000 as damages" and have the case remanded to state court. Id.  Alternatively, Vasquez argues that there is a genuine dispute of material fact as to whether she actually received the notice of default, notice of acceleration, or notice of impending foreclosure. Id.

4

## II. Applicable Law

### A. Diversity Jurisdiction

As relevant here, federal courts have jurisdiction over civil actions where (1) "the matter in controversy exceeds the sum or value of $75,000;" and, (2) the action is between citizens of different States. 28 U.S.C. § 1332(a)(1). The record is clear that Vasquez is a citizen of Texas; that PennyMac is a citizen of Delaware, California, New York, and Massachusetts; and, that Bank of America is a citizen of North Carolina. The District Judge has previously held that the amount in controversy has been met, although Vasquez seeks to amend the complaint to reduce the amount in controversy. Dkt. Nos. 15, 21.

"Because federal jurisdiction in this case is based on diversity of citizenship, the court must apply Texas law when determining substantive issues." Finnicum v. Wyeth, Inc., 708 F. Supp. 2d 616, 619 (E.D. Tex. 2010) (referencing Foradori v. Harris, 523 F.3d 477, 486 (5th Cir. 2008)). "If no state court decisions control, [a federal court] must make an 'Erie[2] guess' as to how the Texas Supreme Court would apply state law." Beavers v. Metro. Life Ins. Co., 566 F.3d 436, 439 (5th Cir. 2009) (footnote added).

The Court, sitting in diversity jurisdiction, will apply Texas substantive law in this case. That being said, the motion for summary judgment will be decided using the procedures established by FED. R. CIV. P. 56. Barrett Computer Services, Inc. v. PDA, Inc., 884 F.2d 214, 217 n 3 (5th Cir. 1989); C.R. v. American Institute for Foreign Study, Inc., 2013 WL 5157699, *3 (W.D. Tex. 2013) (unpubl.).

### B. Amount in Controversy

Defendant bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882-83 (5th Cir. 2000). If it is "facially apparent" that the complaint, at the time of removal, seeks more than $75,000, then this standard is met. See Menendez v.

---

[2] Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).

Wal-Mart Stores, Inc., 364 F. App'x 62, 67 (5th Cir. 2010) (collecting cases).

"If at the time of removal it is facially apparent from the state-court petition that the amount in controversy exceeds $75,000, a plaintiff's subsequent request to amend her petition to 'clarify' the amount in controversy cannot divest jurisdiction." Robinson v. Wal-Mart Stores, Inc., 561 Fed. App'x 417, 418 (5th Cir. 2014) (unpubl.) (citing Gebbia, 233 F.3d at 882).

### C. Amendment

FED. R. CIV. P. 15(a)(2) provides that "[t]he court should freely give leave [to amend pleadings] when justice so requires." "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant[;] repeated failure to cure deficiencies by amendments previously allowed[;] undue prejudice to the opposing party by virtue of allowance of the amendment[;] futility of amendment[;] etc. – the leave sought should, as the rules require, be 'freely given.' " Foman v. Davis, 371 U.S. 178, 182 (1962). Rule 15(a) promotes a policy of deciding litigation on the merits rather than procedural technicalities. Mayeaux v. Louisiana Health Service and Indem. Co., 376 F.3d 420, 427 (5th Cir. 2004).

In determining whether a proposed amended claim is futile, the Court reviews it under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 873 (5th Cir. 2000). "A motion to dismiss under Rule 12(b)(6) tests only the formal sufficiency of the statements of the claims for relief. It is not a procedure for resolving contests about the facts or merits of the case . . . . [T]he Court must take the plaintiffs' allegations as true, view them in a light most favorable to plaintiffs, and draw all inferences in favor of the plaintiffs." Askanase v. Fatjo, 828 F. Supp. 465, 469 (S.D. Tex. 1993) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Garrett v. Commonwealth Mortgage Corp. of Am., 938 F.2d 591, 593 (5th Cir. 1991)).

6

### D. Summary Judgment

Summary judgment is appropriate when the moving party has established that the pleadings, depositions, answers to interrogatories, admissions, and affidavits – if any – demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A genuine issue is "real and substantial, as opposed to merely formal, pretended, or a sham." Bazan v. Hidalgo Cnty., 246 F.3d 481, 489 (5th Cir. 2001). A material fact is one that might influence the outcome of the suit. Id. Accordingly, a "genuine issue of material fact exists where evidence is such that a reasonable jury could return a verdict for the non-movant." Piazza's Seafood World, L.L.C. v. Odom, 448 F.3d 744, 752 (5th Cir. 2006).

If "the nonmoving party will bear the burden of proof at trial on a dispositive issue," then "a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

"If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." Norwegian Bulk Transport A/S v. International Marine Terminals Partnership, 520 F.3d 409, 412 (5th Cir. 2008). The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. Id.

Additionally, the Court must review all evidence in the light most favorable to the non-moving party. Piazza's Seafood World, 448 F.3d at 752. Factual controversies must be resolved in favor of the non-moving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Murungi v. Xavier Univ. of La., 313 Fed. App'x. 686, 688 (5th Cir. 2008) (unpubl.) (citing Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)). Thus, "in the absence of proof," the court cannot

"assume that the nonmoving party could or would prove the necessary facts." <u>Little</u>, 37 F. 3d at 1075.  Finally, "a court should not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment." <u>Chacon v. Copeland</u>, 577 Fed. App'x. 355, 360 (5th Cir. 2014) (unpubl.) (quoting <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 150 (2000)) (internal quotations omitted).

### E. Breach of Contract

The elements of a breach of contract claim are "(1) the existence of a valid contract between plaintiff and defendant, (2) the plaintiff's performance or tender of performance, (3) the defendant's breach of the contract, and (4) the plaintiff's damage as a result of the breach." <u>Prime Products, Inc. v. S.S.I. Plastics, Inc.</u>, 97 S.W.3d 631, 636 (Tex. App. 2002).

## III. Analysis

The Court must first decide whether to permit Vasquez to amend her complaint to reduce the amount in controversy, so as to have the case remanded to state court.  Because jurisdiction is based on the amount in controversy at the time of removal – and is not altered by a subsequent amendment – any amendment would not alter jurisdiction in this case and the motion to amend is futile.

As to the motion for summary judgment, it is clear from the record that there is no dispute of material fact as to any of Vasquez's claims, for which, reason summary judgment is appropriate.

### A. Amendment

Vasquez has sought leave to amend her complaint to "to aver that the amount in controversy is less than $75,000, since the value of her home is less than $50,000 and her equity in the home is less than $25,000, and the home, the realty which is the subject of this litigation, is on the Willacy County tax rolls for less than $75,000." Dkt. No. 44, p. 2.  The motion for leave to amend should be denied because this amendment would be futile.[3]

---

[3] It is not entirely clear whether the undersigned has the authority to decide the motion to amend or whether it must be decided by the District Judge.  The First, Second, Seventh and

When a case is removed from state court to federal court based on diversity jurisdiction, the amount in controversy is determined by the state court pleadings at the time of removal. Gebbia, 233 F.3d at 882.  The Court has already held that the amount in controversy in this case, at the time of removal, exceeded $75,000. Dkt. Nos. 15, 21.

Amending the complaint after removal does not change the jurisdictional analysis. "If at the time of removal it is facially apparent from the state-court petition that the amount in controversy exceeds $75,000, a plaintiff's subsequent request to amend her petition to 'clarify' the amount in controversy cannot divest jurisdiction." Robinson, 561 F. App'x at 418.  Thus, any amendment would not divest the Court of jurisdiction.

The motion to amend is sought so that Vasquez can move this Court "to remand [the case] to state court." Dkt. No. 44.  As just discussed, the amendment would have no impact on jurisdiction in this case.  For that reason, the amendment would be futile, given its stated purpose.  While the Court is mindful that leave to amend should generally be "freely granted," futility is a valid reason to deny the motion for leave to amend. Foman, 371 U.S. at 182.  The motion to amend should be denied and the motion to remand should also be

---

Tenth Circuits have held that a magistrate judge has the authority to deny a motion to amend. Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993); Kilcullen v. New York State Dep't of Transp., 55 F. App'x 583, 585 (2d Cir. 2003) (unpubl.); Hall v. Norfolk S. Ry. Co., 469 F.3d 590, 595 (7th Cir. 2006); Franke v. ARUP Labs., Inc., 390 F. App'x 822, 828 (10th Cir. 2010). The Fifth Circuit has not ruled on this issue.  District Courts across the country are split on this issue. Compare Children First Found., Inc. v. Martinez, No. 1:04-CV-0927 (NPM), 2007 WL 4618524, at *4 (N.D.N.Y. Dec. 27, 2007) (magistrate judges do not have the authority to deny a motion to amend if the denial is based on the futility of the proposed amendment) with Cazares v. Morris, No. CV-09-2168-PHX-ROS, 2011 WL 2414543, at *2 (D. Ariz. June 16, 2011) (holding that the magistrate judge has the authority to deny a motion to amend, so long as the ruling is not dispositive of the plaintiff's existing claims).  Given the unsettled state of the law on this issue, the Court errs on the side of caution and submits this report and recommendation. Moreover, in view of the multitude of issues asserted by the parties, efficiency seems best served by making the recommendations in a single R&R, rather than dealing with the challenges piecemeal.

denied.[4]

Given these recommendations, the Court turns to the motion for summary judgment. Unlike the motion to remand, the Court is not solely limited to the evidence that was present at the time of removal, but can resolve the motion based upon the entire record. FED. R. CIV. P. 56(c)(3).  With that in mind, the Court turns to the issues raised in the motion for summary judgment.

**B. Refinancing**

Vasquez has asserted that PennyMac and Bank of America have unlawfully kept her from participating in the Home Affordable Refinance Program ("HARP"), the Residential Relief Foundation and the Loan Rewrite Initiative Program.  These claims are meritless as a matter of law.

HARP is a program run by the Federal Housing Agency designed to help "troubled borrowers with high loan-to-value mortgages – i.e. those with little, no, or even negative equity in their homes." United States v. Bank of Am. Corp., No. 12-CV-08399 (GBD), 2016 WL 1298985 (S.D.N.Y. Mar. 31, 2016), appeal withdrawn (Aug. 29, 2016).  These borrowers could refinance their "mortgages at lower interest rates and decrease their monthly payments." Id.

The HARP website explicitly states that it is "for borrowers who have remained current on their mortgages." About HARP, www.harp.gov/about (last accessed October 31, 2017).  Vasquez has failed to make any mortgage payments since September 2015. Dkt. No. 14-1, p. 3.  Thus, Vasquez fails to qualify for any relief under HARP.

Vasquez has cited no law which requires lenders to engage in HARP and courts have consistently found that there is no private right of action to force lenders to engage in HARP

---

[4] Even if the motion to amend were granted, it would not alter the outcome of this case, since the amount in controversy is determined at the time of removal. Accordingly, jurisdiction would still be vested in this Court and it would not impact the analysis of the motion for summary judgment.

with homeowners. <u>Gomez v. Wells Fargo Bank, N.A.</u>, No. 7:17-CV-118, 2017 WL 1650200, at *3 (S.D. Tex. May 1, 2017); <u>Kelsey v. Citigroup Inc.</u>, No. 2:12-CV-0754-LDG-GWF, 2013 WL 1249732, at *2 (D. Nev. Mar. 26, 2013); <u>In re Residential Capital, LLC</u>, No. 12-12020 (MG), 2014 WL 5358762, at *9 (Bankr. S.D.N.Y. Oct. 20, 2014); <u>Plouffe v. Bayview Loan Servicing, LLC</u>, No. CV 15-5699, 2016 WL 6442075, at *8 (E.D. Pa. Oct. 31, 2016).

The Federal Trade Commission has determined that the Residential Relief Foundation and the Loan Rewrite Initiative Program are bogus mortgage relief services. <u>Federal Trade Commission v. Residential Relief Foundation, Inc.</u>, No. 1:10-cv-3214 (D. Md. Nov. 19, 2010). In fact, in 2011, the Residential Relief Foundation and its owners agreed to a stipulated permanent injunction that they never offer mortgage relief services again. <u>Id</u>, Dkt. No. 83. Moreover, there is no statutory or contractual basis to force any Defendant to allow Vasquez to utilize a service which has been shut down by the Federal Trade Commission and the Courts.

Thus, there is no genuine dispute of material fact as to these claims and PennyMac and Bank of America are entitled to summary judgment.

### C. Notice

Vasquez asserts that she never received "notice of default, notice of acceleration, or notice of impending foreclosure," which creates a genuine dispute of material fact as to the propriety of PennyMac's and Bank of America's actions in this case. Dkt. No. 44, pp. 5-7. Vasquez misunderstands the evidentiary requirements of the law. Contrary to her arguments, the law is clear and entitles Defendants to summary judgment.

Under Texas law, "the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given." TEX. PROP. CODE § 51.002(d).

State law further states that "[s]ervice of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is <u>prima facie</u> evidence of service." TEX. PROP. CODE § 51.002(e).  In other words, the bank's duty is complete when the notice is placed in the mail, as opposed to when it is received by the debtor.

A sworn affidavit from Johnny Morton, a foreclosure operations supervisor for PennyMac, states that on September 26, 2016, PennyMac sent Vasquez "a letter via certified and regular mail at the property address (her last known address), which specifies that her loan is in default and due for its September 1, 2015, payment and advises plaintiff that she could cure such default by paying $6,860.93 by October 27, 2016." Dkt. No. 14-1, p. 4.

Under Texas law, Morton's affidavit constitutes <u>prima facie</u> evidence of service under Texas law. TEX. PROP. CODE § 51.002(e).  Vasquez has stated, in a sworn affidavit, that she did not receive any notice of default from PennyMac or Bank of America. Dkt. No. 44-1, p. 3.  The law does not require that Vasquez actually receive the notice.  Indeed, as the decisions indicate, the law appears intended to insure that the notice was sent, not that the debtor actually receive the notice.  The underlying rationale appears to be aimed at preventing debtors from trying to stall foreclosure by purposely avoiding their mail.

Texas courts – both state and federal – have repeatedly held that "[t]here is no requirement that the debtor receive actual notice," only that the bank comply with the statute and mail the required notices. <u>Lambert v. First Nat. Bank of Bowie</u>, 993 S.W.2d 833, 835 (Tex. App. 1999); <u>Wood v. Bank of Am.</u>, No. 4:14-CV-00073-O, 2015 WL 2378958, at *12 (N.D. Tex. Apr. 23, 2015), report and recommendation adopted, No. 4:14-CV-73-O, 2015 WL 2383330 (N.D. Tex. May 18, 2015); <u>Bassknight v. Deutsche Bank Nat. Tr. Co.</u>, No. 3:12-CV-1412-M BF, 2014 WL 6769085, at *6 (N.D. Tex. Dec. 1, 2014), subsequently aff'd, 611 F. App'x 222 (5th Cir. 2015); <u>Labrador v. Wells Fargo Bank, N.A.</u>, No. W:14-CV-312, 2014 WL 12493294, at *2 (W.D. Tex. Sept. 23, 2014); <u>Castillo v. Deutsche Bank Nat. Tr.</u>

12

Co., No. 2:13-CV-00036-DAE, 2014 WL 279675, at *4 (W.D. Tex. Jan. 23, 2014); Vickery v. Wells Fargo Bank, N.A., No. CIV.A. G-11-0243, 2013 WL 321662, at *6 (S.D. Tex. Jan. 28, 2013); Padilla v. Deutsche Bank Tr. Co. Nat'l Ass'n for Long Beach Tr. Fund, 2006-3, No. SA11CA341OLGJWP, 2012 WL 13029589, at *3 (W.D. Tex. Aug. 1, 2012); Stanley v. CitiFinancial Mortg. Co., 121 S.W.3d 811, 817 (Tex. App. 2003); Price v. Bustamante, No. 01-98-00881-CV, 2001 WL 870049, at *6 (Tex. App. July 26, 2001).

Simply put, Vasquez's contention that she "did not receive the default or acceleration notices listed in § 51.002(d) could not plausibly entitle [her] to relief because the Property Code imposes no such requirement." Warren v. Bank of Am., N.A., No. 3:13-CV-1135-M, 2013 WL 8177096, at *7 (N.D. Tex. Nov.15, 2013).

In order to defeat summary judgment based on lack of notice, Vasquez must establish that the Defendants did not send the notice to her last-known address and that any mailings were not sent to her via certified mail, return receipt requested. Onwuteaka v. Cohen, 846 S.W.2d 889, 892 (Tex.App.-Houston [1st Dist.] 1993, writ denied). Vasquez has provided no evidence to support either contention. Accordingly, summary judgment is appropriate as to this claim.

### D. Breach of Contract

In her complaint, Vasquez claims that PennyMac and Bank of America breached the mortgage contract "by foreclosing on the property without notice." Dkt. No. 1-4, p. 6. For the reasons previously set out, summary judgment is appropriate as to this claim.

First, there is no genuine dispute of material fact that notice of default was given in accordance with state law, as previously noted by the Court.

Secondly, Vasquez, by her own admission within the complaint, cannot maintain a claim for breach of contract. The elements of a breach of contract claim, as set forth earlier, are "1) the existence of a valid contract between plaintiff and defendant, (2) the plaintiff's performance or tender of performance, (3) the defendant's breach of the contract, and (4) the plaintiff's damage as a result of the breach." Prime Products, 97 S.W.3d at 636.

Vasquez admits in her complaint that she "got behind on some payments." Dkt. No. 1-4, p. 5.   Thus, Vasquez did not perform or tender performance of the contract, which clearly required her to make monthly payments. "Plaintiff must establish that she performed her obligations under the contract in order to establish a breach of contract claim." Johnson v. JPMorgan Chase Bank, N.A., No. 4:12CV285, 2013 WL 2554415, at *6 (E.D. Tex. June 7, 2013), aff'd sub nom. Johnson v. JP Morgan Chase Bank, 570 F. App'x 404 (5th Cir. 2014).   By her own admission, Vasquez did not perform her obligations under the contract. Accordingly, her breach of contract claim fails as a matter of law. Id. (holding that a plaintiff who failed to her make her monthly mortgage payments could not sustain a breach of contract claim against the bank for failing to follow contract in foreclosing).   Thus, summary judgment is appropriate as to this claim, as well.

### E. Wrongful Foreclosure

To whatever extent Vasquez is claiming wrongful foreclosure, summary judgment, again, is appropriate in favor of PennyMac and Bank of America.

"The elements of a wrongful foreclosure claim are (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." Collins v. Bayview Loan Servicing, LLC, 416 S.W.3d 682, 687, n. 7 (Tex. App. 2013).   According to Morton's sworn affidavit "no foreclosure sale has occurred related to the loan." Dkt. No. 14-1, p. 4.   Vasquez has submitted no evidence showing that a foreclosure sale has taken place.   Accordingly, there is no genuine dispute of material fact as to any of the elements of this claim and summary judgment is appropriate.

### IV. Recommendation

It is recommended that the motion for leave to amend and motion for remand filed by Plaintiff Sylvia Vasquez be denied. Dkt. No. 44.

It is further recommended that summary judgment be granted to Defendants PennyMac and Bank of America as to all claims made by Vasquez.   The Court should enter

a judgment that Vasquez take nothing from PennyMac and Bank of America.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on December 15, 2017.

_____
Ronald G. Morgan
United States Magistrate Judge